UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02878

**Rodriguez Martinez,**
*Petitioner,*
v.
**Blanche, et al.,**
*Respondents.*

## ORDER

Jose Antonio Rodriguez Martinez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing and an injunction against his transfer outside the district while his petition is pending. Because his detention is lawful, the petition is denied.[1]

---

[1] The Court notes at the outset that the Petition has been cut-and-pasted from previous petitions drafted for other individuals who are being detained. There is nothing objectionable about using existing language from previous filings where appropriate—indeed, doing so may best serve the client. But here, counsel filed a petition with multiple inapt and incomplete placeholders. One example is paragraph 103, which reads:

> Petitioner's custody from [ARREST DATE] through [DATE THE CRIMINAL CASE ENDED] rested on a criminal charge, and its mission was the prosecution of that charge. On [DATE], he pleaded [guilty/no contest], and the case ended [CONFIRM: sentence, if any, and the date it was completed].

Petition ¶ 103 (brackets in original). These placeholders do not prevent the Court from resolving this case, but counsel should endeavor to avoid similar errors in future filings.

## BACKGROUND

Petitioner first entered the United States without inspection in 2003. In August 2026, Petitioner was arrested for driving while intoxicated by local law enforcement. He was later taken into custody by federal agents, and has been in federal immigration custody since August 15, 2026. Petitioner is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On October 9, 2026, Petitioner filed his petition for writ of habeas corpus, contesting his detention and seeking his immediate release or an individualized bond hearing and an injunction against his transfer outside the district while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition and the motion.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has

channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act and its implementing regulations, the *Accardi* doctrine, the Equal Protection Clause, the Fourth Amendment, the Administrative Procedure Act ("APA"), and the Suspension Clause. His arguments all fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7. "Illegal aliens are entitled to

the process that Congress can give them, and nothing more." *Id.* at *40 (Oldham, J. concurring).

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

The *Accardi* doctrine does not require Petitioner's release. Petitioner alleges he was arrested without a warrant and that this violates the *Accardi* doctrine. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Kech-Chaf v. Blanche*, No. 1:26-cv-01404 (W.D. Tex. June 30, 2026) (same).

Petitioner's argument that his detention violates his right to equal protection of the laws is also meritless. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Supreme Court has interpreted the

Fifth Amendment to contain an equal protection component[.]" *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)) (cleaned up). "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-cv-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)).

Petitioner concedes that Respondents' action here is subject only to rational basis review. Habeas Pet. at ¶ 85. Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. *Id.* at ¶¶ 86–89. But Petitioner does not dispute that Respondents are currently treating him and similarly situated individuals similarly. They are all being detained without bond under 8 U.S.C. § 1225, which is why Courts have seen a deluge of petitions nearly identical to Petitioner's. Rather, Petitioner's argument is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what

Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention"). It is not an equal protection violation for Respondents to start following the law.

In addition, the Fourth Amendment also does not require Petitioner's release. Even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g., Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Roman Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (denying a habeas petition raising the Fourth Amendment and *Accardi* doctrine regarding a warrantless arrest).

Petitioner's APA and Suspension Clause arguments fare no better for the reasons set forth in Parts III and IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id.* And Petitioner's Suspension Clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention

through petitions for writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

Petitioner is also not entitled to an injunction against transfer while his petition is pending. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). To the extent Petitioner's request for an injunction against transfer is a request for a stay of removal, Petitioner likewise presents no persuasive reason for the Court to enjoin his removal from the United States pending the adjudication of this petition. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied.

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth above and in Parts I–IV of this Court's decision in *Tapia v. Mullin*, the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 17, 2026.*

ANDREW DAVIS
United States District Judge